IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| BRANDON J. LEWIS, | : |
| | : |
|       Petitioner, | : |
| VS. | : |
| | :   NO. 7:20-CV-00073-HL-TQL |
| ASHLEY PAULK, | : |
| | : |
|       Respondent. | : |
| _____ | : |

## ORDER

Petitioner Brandon J. Lewis, an inmate most recently confined in the Lowndes County Jail in Valdosta, Georgia, filed a document that was construed as a *pro se* petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2241 (ECF No. 1). On May 7, 2020, Petitioner was ordered to pay the filing fee or seek leave to proceed *in forma pauperis*, and he was also ordered to recast his Petition on the Court's standard form. Petitioner was also instructed to notify the Court immediately and in writing of any change in his mailing address. Petitioner was given twenty-one (21) days to comply and warned that failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Petition. *See generally* Order, May 7, 2020, ECF No. 5.

The time for compliance passed without a response from Petitioner. Accordingly, the United States Magistrate Judge ordered Petitioner to respond and show cause why this action should not be dismissed for failure to comply with the Court's orders. Petitioner's response was due within twenty-one (21) days of the date of the Order, and Petitioner was again advised that failure to respond would result in dismissal of his pleading. Petitioner

was also reminded of his obligation to notify the Court in writing of any change in his mailing address. Order, July 16, 2020, ECF No. 6.[1]

The time for compliance has again passed without a response from Petitioner, and the June 16, 2020 Order was returned to the Court as undeliverable (ECF No. 7). Petitioner's failure to fully and timely comply with the Court's orders and instructions is grounds for dismissal of his case. *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case). Petitioner's petition shall therefore be **DISMISSED without prejudice.**

Petitioner also has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) (noting that state prisoner proceeding under § 2241 must obtain a COA to appeal); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional

---

[1] In an effort to locate a current mailing address for Petitioner, the United States Magistrate Judge searched the online inmate rosters for the Lowndes County Jail and the Georgia Department of Corrections but could not locate any information regarding Petitioner's whereabouts. The Clerk was thus directed to mail the Show Cause Order to Petitioner's last known address of record.

claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.  Reasonable jurists could not find that a dismissal of the instant action for Petitioner's repeated failure to comply with the Court's orders was debatable or wrong.  *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders).  Petitioner is accordingly **DENIED** a COA.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 10th day of September, 2020.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE